| | |
|---|---|
| District Court, Jefferson County, Colorado<br>Court Address: 100 Jefferson County Parkway<br>Golden, CO 80401 | DATE FILED: August 16, 2021 11:42 AM<br>FILING ID: 9A151A1060502<br>CASE NUMBER: 2021CV30881 |
| **Plaintiff: DANIEL HOLLINGSWORTH**<br><br>v.<br><br>**Defendant(s): DOVER STREET OWNER, LLC,** a Delaware limited liability company; **HOLLAND PARTNER GROUP MANAGEMENT, INC.**, fka, **HOLLAND PARTNERS CAPITAL MANAGEMENT, INC.,** a Delaware corporation; and **IQ DATA INTERNATIONAL, INC.,** a Washington corporation. | ▲ **COURT USE ONLY** ▲ |
| Attorneys for Plaintiff:<br>CRAIG D. JOHNSON & ASSOCIATES, P.C.<br>Craig D. Johnson, #11902<br>Michael B. Garlan, #39211<br>8 Garden Center, Unit 2<br>Broomfield, CO 80020<br>Phone Number: 303-466-2335<br>FAX Number:  303-466-6342<br>E-mail: cjohnson@cdjlaw.com; mgarlan@cdjlaw.com | Case Number:<br><br><br><br>Division: |
| **COMPLAINT** | |

Plaintiff, by and through his attorneys, Craig D. Johnson & Associates, P.C., states and alleges as his Complaint against the Defendants the following:

**GENERAL ALLEGATIONS**

1. At all times relevant to this action, Plaintiff was a Colorado resident who resided at 10305 Dover Street, Westminster, Colorado 80021 in Apartment 327.

2. At all times relevant, Defendant, Dover Street Owner, LLC ("Dover") was a Delaware limited liability company authorized to and doing business in the State of Colorado, and was the owner of the multi-family residences located at 10305 Dover Street, Westminster, Colorado 80021 ("Property").

3. Upon information and belief, at all times relevant, Holland Partner Group Management, Inc., fka, Holland Partners Capital Management, Inc. ("Holland"), was a Delaware corporation authorized to and doing business in the State of Colorado, and was the management company employed by Dover to manage the Property.

4. At all times relevant, IQ Data International, Inc. ("IQ"), was a Washington corporation in good standing, authorized to do business in the State of Colorado, and was engaged in the business of a collection agency.

5. Venue is proper in Jefferson County as the Property at issue is located in Jefferson County, Colorado.

6. During 2017 to July of 2018, Plaintiff rented Apartment #327 at the Property.

7. On July 4, 2018, Plaintiff received the Notice attached as *Exhibit "A"* to this Complaint, which is dated July 3, 2018 ("Notice").

8. At no time during his residency at the Property did Plaintiff own a dog. The Notice was in error.

9. Plaintiff told representatives of Dover and Holland that he never owned a dog, but they refused to listen to him.

10. Instead, on July 4, 2018, Plaintiff was told by representatives of Dover and Holland that he must terminate his residency at the Property or he would be evicted.

11. To avoid eviction, and even though Plaintiff disagreed that he was in violation of his Lease, Plaintiff terminated his tenancy as directed by Holland and Dover, paid three additional months' rent, and moved elsewhere.

12. Thereafter, Dover through Holland notified Plaintiff that he allegedly owed additional rent for the remainder of the term of his lease, even though Dover and Holland breached the lease with Plaintiff by wrongfully terminating the lease over a dog Plaintiff never had or owned.

13. Since Plaintiff's wrongful eviction, Dover through Holland directly and through IQ have made numerous demands for sums they allege are owed under the lease, and have even sent their unsubstantiated claims for collection through IQ.

14. At the time that Dover through Holland first made demand on Plaintiff for additional funds under the lease, Plaintiff immediately requested a full accounting and that a copy of the lease be furnished to him. The lease was electronically executed when Plaintiff signed it. Plaintiff was never furnished a copy of the lease for his apartment.

15. IQ, as part of its attempts to collect the disputed sums from Plaintiff on behalf of Dover and Holland, has made adverse credit reports to the three major credit reporting agencies. At all times relevant to this action, Plaintiff has consistently denied owing any of the sums demanded; has consistently requested an accounting to determine the basis of IQ's demands; and has demanded that a copy of his lease be furnished to him.  Plaintiff has made such demands orally, in writing, personally, and through legal counsel.  None of the information demanded has ever been furnished to Plaintiff by any of the Defendants.

16. Plaintiff recently applied for a loan to purchase a new home in California.  During the loan application process, Plaintiff's FICO score was adversely affected by the

adverse credit report by IQ, which has consistently been disputed by Plaintiff, and for which Plaintiff has consistently requested an accounting.

17. Despite the unsubstantiated adverse credit report, Plaintiff was still able to secure funding to purchase his home, but at 3/8% more than he would have paid without the adverse credit report on his FICO score.  Over the course of the thirty-year mortgage term the difference in the interest rate Plaintiff has to pay is substantial.

18. At all times relevant to this action, IQ was acting as an agent and at the direction of Dover, the owner of the Property, and Holland, Dover's Property Manager.

**FIRST CLAIM FOR RELIEF**
**(Accounting- All Defendants)**

19. Plaintiff incorporates the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. Plaintiff has made numerous demands on Defendants for an accounting concerning the basis of the alleged underlying debt which Defendants allege Plaintiff owes.

21. Plaintiff has made numerous demands on Defendants for a copy of the lease on which Defendants' claims are based.

22. Plaintiff is entitled to an Accounting concerning the alleged debt owed, which includes producing a copy of the lease for Plaintiff.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Relief- Dover and Holland)**

23. Plaintiff incorporates the allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

24. Plaintiff asserts that he was not in breach of the lease with Dover and Holland, and that he was wrongfully constructively evicted from his apartment.

25. Plaintiff asserts that his tenancy was wrongfully terminated by Dover through Holland.

26. Plaintiff is entitled to an Order and Decree determining the rights and responsibilities of Plaintiff, Dover, and Holland under the lease, pursuant to C.R.C.P. 57.

## THIRD CLAIM FOR RELIEF
### (Violation of the Fair Debt Collection Practices Act- IQ and Holland)

27. Plaintiff incorporates the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

28. At all times relevant to this action, IQ and Holland were acting as agents for Dover in attempting to collect a disputed debt from Plaintiff.

29. IQ is a collection agency within the meaning of Tit. 15 U.S.C. §1692a(6).

30. Holland is a third party attempting to collect a consumer debt for a Dover under Tit. 15 U.S.C. §1692.

31. Despite Plaintiff's repeated demands for written proof of the disputed debt Holland and IQ have attempted to collect and despite Plaintiff's repeated demands for a copy of the applicable lease upon which Holland and IQ base their collection efforts, none of these documents or evidences of proof have ever been provided to Plaintiff.

32. Plaintiff is a natural person who is a consumer within the meaning of Tit. 15 U.S.C. §1692a(3).

33. The debt sought from Plaintiff by IQ and Holland is an alleged personal debt for household purposes within the meaning of Tit. 15 U.S.C. §1692a(5).

34. Upon information and belief, IQ and Holland violated the Fair Debt Collection Practices Act (Tit. 15 U.S.C. 1692, "FDCPA") by falsely representing the character and amount or legal status of the alleged debt; by failing to report and treat the alleged debt as disputed; by failing or refusing to obtain and provide Plaintiff with evidence of the basis of the disputed debt; and by attempting to collect a disputed debt that is not expressly authorized by any agreement creating the debt or otherwise allowed by law.

35. As a direct and proximate result of the actions, inactions, and violations of IQ and Holland detailed above, Plaintiff has suffered damages and incurred attorney's fees and costs.

36. Plaintiff is entitled to recover all damages, attorney's fees, costs, and up to an additional $1,000.00 per violation from Defendants pursuant to Tit. 15 U.S.C. §1692k.

Wherefore, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendants on all of Plaintiff's claims; that this Court enter an Order and Decree pursuant to C.R.C.P. 57 that Plaintiff has no obligations to any Defendant under the lease in dispute and that Plaintiff is fully released from any further liability thereon; award Plaintiff damages, the amount of which to be determined at trial; award Plaintiff statutory penalties pursuant to Tit. 15 U.S.C. §1692k; award Plaintiff costs and attorney's fees pursuant to statute; expenses; interest at the highest rate allowed by law from the date this action accrued; and other and further relief as this Court deems equitable and just.

Dated this 16th day of August, 2021.

                                          CRAIG D. JOHNSON & ASSOCIATES, P.C.

                                          *S/ Craig D. Johnson*
                                          Craig D. Johnson, #11902
                                          Attorney for Plaintiff

<u>Plaintiff's Address</u>:
425 E 99th St.,
Inglewood, CA  90301